ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **JOSÉ E. MERCADO GINORIO**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE EDUCACIÓN**<br><br>Recurrido | KLRA202400651 | **REVISIÓN** procedente de la **Oficina de Apelaciones del Sistema de Educación**<br><br>Caso Núm.:<br>**OASE-2019-00017**<br><br>Sobre:<br>Destitución |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de enero de 2025.

Comparece ante nos, mediante escrito de *Apelación,* el señor José E. Mercado Ginorio (Sr. Mercado o Recurrente) y nos solicita que revoquemos la *Resolución* dictada el 30 de septiembre de 2024 por la Oficina de Apelaciones del Sistema de Educación (OASE).[1] En el perfeccionamiento del recurso, la parte recurrida, el Departamento de Educación, representada por la Oficina del Procurador General, presentó una *Solicitud de Desestimación,* fundada en que la *Apelación* presentada no cumple con los requisitos de perfeccionamiento que dispone la Regla 59 (E) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (E).

Por los fundamentos que discutiremos a continuación, desestimamos el recurso presentado por incumplimiento craso con el Reglamento de este Tribunal.

---

[1] Apéndice de *Apelación*, Anejo I, págs. 1-11. Notificada y archivada en autos el 2 de octubre de 2024.

## I.

El 30 de septiembre de 2024, la OASE dictó una *Resolución* en la que desestimó, por falta de jurisdicción primaria, una apelación presentada ante la referida entidad administrativa, proveniente de una destitución. Resolvió que carecía de jurisdicción para atender el recurso presentado ante sí, debido a que el Sr. Mercado era un empleado con estatus regular en el Departamento de Educación, cobijado por las disposiciones de un convenio colectivo en lo concerniente a quejas, agravios y arbitraje. En consecuencia, la entidad con jurisdicción primaria para atender el asunto era la Comisión Apelativa del Servicio Público.[2]

Inconforme, el 25 de noviembre de 2024, el Sr. Mercado presentó el recurso ante nuestra consideración. Entre los documentos presentados como Apéndice del recurso, se encuentran:

1. La *Resolución* del 30 de septiembre de 2024.[3]

2. El archivo en autos de la *Resolución* del 30 de septiembre de 2024.[4]

3. La *Moción de Reconsideración* presentada el 22 de octubre de 2024.[5]

4. La *Notificación* de la *Moción de Reconsideración.*[6]

5. La *Resolución en Reconsideración* del 24 de octubre de 2024.[7]

6. El archivo en autos de la *Resolución en Reconsideración* del 24 de octubre de 2024.[8]

7. La *Contestación a Escrito de Apelación y Solicitud de Desestimación* presentada el 13 de noviembre de 2020 por el Departamento de Educación.[9]

8. La *Contestación a Solicitud de Desestimación* presentada el 15 de diciembre de 2020.[10]

---

[2] *Íd.*, págs. 5-9.
[3] *Íd.*, Anejo I.
[4] *Íd.*, Anejo II.
[5] *Íd.*, Anejo III.
[6] *Íd.*, Anejo IV.
[7] *Íd.*, Anejo V.
[8] *Íd.*, Anejo VI.
[9] *Íd.*, Anejo VII.
[10] *Íd.*, Anejo VIII.

9. La *Moción en Cumplimiento de Orden* presentada el 21 de junio de 2022 por el Departamento de Educación.[11]

10. La *Réplica a Moción* presentada el 27 de junio de 2022 por el Sr. Mercado.[12]

11. La *Moción para Asumir Representación Legal y Reiterando Moción de Desestimación* presentada el 29 de agosto de 2022 por el Departamento de Educación.[13]

12. La *Moción en Cumplimiento de Orden y Réplica* presentada por el Sr. Mercado.[14]

13. La *Resolución* emitida el 30 de mayo de 2023 por la OASE.[15]

14. El archivo en autos de la *Resolución* del 30 de mayo de 2023.[16]

15. La *Moción en Reconsideración* presentada el 9 de junio de 2023 por el Sr. Mercado.[17]

16. La *Resolución en Reconsideración* emitida el 21 de junio de 2023 por la OASE.[18]

17. El archivo en autos de la *Resolución en Reconsideración* del 21 de junio de 2023.[19]

18. La *Moción Reiterando Desestimación* presentada el 23 de agosto de 2023 por el Departamento de Educación.[20]

19. La *Notificación* de la *Moción Reiterando Desestimación*.[21]

20. La *Orden* emitida el 23 de diciembre de 2023 por la OASE.[22]

21. La *Segunda Moción Reiterando Desestimación por Falta de Jurisdicción* presentada el 19 de marzo de 2024 por el Departamento de Educación.[23]

Así las cosas, el 27 de diciembre de 2024, el Departamento de

Educación presentó una *Solicitud de Desestimación*, notificada a la

---

[11] *Íd.*, Anejo IX.
[12] *Íd.*, Anejo X.
[13] *Íd.*, Anejo XI.
[14] *Íd.*, Anejo XII.
[15] *Íd.*, Anejo XIII.
[16] *Íd.*, Anejo XIV.
[17] *Íd.*, Anejo XV.
[18] *Íd.*, Anejo XVI.
[19] *Íd.*, Anejo XVII.
[20] *Íd.*, Anejo XVIII.
[21] *Íd.*, Anejo XIX.
[22] *Íd.*, Anejo XX.
[23] *Íd.*, Anejo XXI.

representación legal del Sr. Mercado, la licenciada Trilce Torres López, a su correo electrónico torres.trilce@gmail.com. Mediante la *Solicitud de Desestimación*, señaló que el Apéndice presentado por el Sr. Mercado estaba incompleto, por lo que el Recurrente no puso al Tribunal de Apelaciones en posición para atender los errores presentados e impartir justicia apelativa. En particular, señaló que hacía falta:

1. Una copia de la *Apelación* presentada ante la OASE, que originó la controversia en la entidad administrativa.

2. Varias *Órdenes* emitidas por la OASE el 7 de junio de 2022, el 18 de octubre de 2022 y el 28 de noviembre de 2022.

3. Una copia del Reglamento De La Oficina de Apelaciones Del Sistema De Educación, Reglamento Núm. 9099 de 29 de mayo de 2019, necesario para atender y resolver el tercer error que la parte recurrente señaló en su escrito de *Apelación*.

Al día de hoy, este Tribunal no cuenta con una comparecencia del Sr. Mercado, o de su representación legal, en la que nos presente la justa causa por la falta de un Apéndice completo o que refute lo señalado por el Procurador General. Tampoco hemos recibido una moción en la que la parte recurrente solicite permiso para completar el Apéndice con los documentos señalados.

## II.

La Regla 59 (E) del Reglamento del Tribunal de Apelaciones, *supra*, R. 59 (E), le provee a la parte recurrente un listado de los documentos y anejos requeridos para perfeccionar un recurso de revisión administrativa. Entre ellos, la Regla 59 (E) (1), incisos (a), (b) y (e), requieren que se incluya en el Apéndice apelativo: (1) las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o **la apelación**; (2) el reglamento o la regla impugnada o cuestionada por la parte recurrente; y, (3) **toda** resolución u **orden**, así como moción o escrito de cualquiera de las partes, que forme parte del expediente administrativo.

Por otro lado, la Regla 83 (B) (3) del Reglamento del Tribunal de Apelaciones, *Íd.*, R. 83 (B) (3), le permite a este Tribunal desestimar un recurso apelativo cuando el mismo "no se ha presentado o proseguido con diligencia o de buena fe". *Íd.* Cabe destacar que, el incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial, por lo que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente; su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 590 (2019). Si bien es cierto que la omisión de documentos del Apéndice no será razón para desestimar el recurso, el Tribunal Supremo ha resuelto que la desestimación procederá "cuando esa omisión **no nos permite penetrar en la controversia** o constatar nuestra jurisdicción". *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007). (Énfasis nuestro).

### III.

Como hemos señalado, la omisión de por sí de documentos o anejos del Apéndice no será razón para desestimar un recurso apelativo. Esto en cumplimiento con la interpretación del Reglamento del Tribunal de Apelaciones a favor de las resoluciones en los méritos de las controversias. No obstante, cuando aquella omisión impide nuestra facultad revisora y cuando la parte recurrente ha proseguido sin diligencia, tenemos la discreción de desestimar los recursos. Tras un análisis de la totalidad de las circunstancias en el caso de autos, resolvemos desestimar el recurso al amparo de la Regla 83 (B) (3) del Tribunal de Apelaciones, *supra*, R. 83 (B) (3), por falta de diligencia.

Para lograr la justicia apelativa, es imprescindible que la parte recurrente ponga al Tribunal de Apelaciones en posición para atender los errores señalados en el escrito apelativo. Esto incluye

proveerle todo documento, escrito, moción, orden o resolución que obre en el expediente administrativo. Este requisito responde a dos intereses de alto rango en la búsqueda de la justicia. Primero, le permite al Tribunal considerar la totalidad de las circunstancias y pormenores del caso ante su consideración, así permitiendo la impartición de una justicia completa. Por otro lado, evita que las partes presenten únicamente aquellos escritos, documentos y anejos que les son convenientes, así obviando la realidad del caso e induciendo el Tribunal a error.

En el caso de autos, el Sr. Mercado nos ha presentado un Apéndice incompleto que obvia documentos y anejos necesarios para poder atender los errores que señala. En primer lugar, no incluyó copia de la *Apelación* original presentada ante la OASE, que originó la controversia en el foro administrativo. Aquel documento es imprescindible al momento de comprender las controversias en su totalidad, el origen de la causa de acción y proveerle contexto al proceder de la agencia. Por otro lado, el tercer error señalado específicamente hace referencia al Reglamento Núm. 9099, el cual no fue incluido. Sin aquel anejo, este Tribunal no puede interpretar su aplicación en el caso por parte de la OASE.

Finalmente, entendemos que al ser notificado de la falta de un Apéndice completo, el Sr. Mercado no actuó diligentemente. Ha pasado más de veinte (20) días desde que el Procurador General le informó a la parte recurrente de su incumplimiento. No obstante, esta no ha actuado con la urgencia necesaria para corregir el defecto o proveer justa causa por el mismo. No debemos perder de perspectiva que, los abogados y las abogadas son los que tienen el conocimiento legal y las destrezas para conocer el curso a seguir en sus casos y defender los intereses de sus clientes. En vista de lo anterior, procede la desestimación del recurso apelativo por

incumplimiento con la Reglas 59 (E) y 83 (B) (3) del Tribunal de Apelaciones, *supra*, Rs. 59 (E) y 83 (B) (3).

## IV.

Por las razones discutidas, desestimamos el recurso presentado por craso incumplimiento con el Reglamento del Tribunal de Apelaciones, *supra*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones